IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                    Plaintiff,                                    8:16-CR-42

vs.

                                                          TENTATIVE FINDINGS

MONTEL L. WOOD, III,

                    Defendant.

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has filed an objection (filing 31) to the presentence report.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

   (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     There are no motions that require resolution at sentencing. The defendant has filed an objection (filing 31) to the presentence report.

The issue raised by the objection is whether the defendant's 2014 conviction for terroristic threats should be considered a "crime of violence" for purposes of applying a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). A base offense level of 20 under § 2K2.1 is appropriate when the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The term "crime of violence" is defined at § 4B1.2(a) as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . .".

In *United States v. Mateo-Francisco*, No. 4:13-CR-3041 (D. Neb. Aug. 29, 2013), this Court found that a conviction under Neb. Rev. Stat. § 28-311.01 for terroristic threats is not a "crime of violence" for purposes of applying a 16-level enhancement under § 2L1.2. In reaching this conclusion, the Court noted that § 28-311.01 does not have as an element "the use, attempted use, or threatened use of physical force against another person," and therefore does not fit within the definition of "crime of violence" as provided under the Guidelines.

The defendant contends that the reasoning set forth in *Mateo-Francisco* applies for purposes of calculating his base offense level. Filing 31. He claims, in other words, that because his prior conviction for terroristic threats is not a "crime of violence," his base offense level should be 12, not 20. Filing 31.

Whereas Mateo-Francisco involved the application of a 16-level enhancement under § 2L1.2, the present case involves the calculation of a base level offense under § 2K2.1. But both provisions use the same definition of "crime of violence.". *Compare* § 2L1.2 cmt. n.1(B)(iii) *with* 4B1.2 cmt. n.1. Therefore, the Court tentatively finds that, consistent

- 2 -

with *Mateo-Francisco*, the defendant's prior conviction for terroristic threats is not a "crime of violence" as required under § 2K2.1.

However, the Court notifies the parties that it may, in sentencing the defendant, consider whether an upward variance is warranted under § 3553(a) because the Guidelines calculation may or may not adequately reflect the seriousness of the defendant's conduct. *See, United States v. Overbey*, 696 F.3d 702, 705-06 (8th Cir. 2012); *United States v. Washington*, 515 F.3d 861, 867-68 (8th Cir. 2008); *see also, United States v. Golden*, 394 Fed. Appx. 347, 348-49 (8th Cir. 2010); *United States v. Roberson*, 334 Fed. Appx. 787, 790 (8th Cir. 2009). The defendant pled guilty to terroristic threats after he was arrested for robbing a Tobacco Hut in Omaha. The presentence investigation report indicates that the defendant brandished a weapon during the course of the robbery, and fled to a nearby apartment complex. While the defendant's conviction may not be a crime of violence warranting a base offense level of 20 under § 2K2.1, the facts of the case leave the Court with little doubt that the defendant actually did threaten the store employee with physical force. The Court will make a final determination of that issue at sentencing.

3.   Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

- 3 -

Dated this 31st day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge